**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DONGJIAN LIN<br><br>Petitioner,<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 20-73589<br><br>Agency No. A216-181-097<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 5, 2023[**]
San Francisco, California

Before: McKEOWN, TALLMAN, and LEE, Circuit Judges.

Dongjian Lin, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA" or "Board") dismissal of his appeal.

The Board adopted and affirmed the immigration judge's denial of Lin's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

20-73589

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994). As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

Substantial evidence supports the Board's determination that Lin failed to meet his burden to establish past harm rising to the level of persecution under the Immigration and Nationality Act. *See Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). Lin argues that his credibility and his testimony are sufficient to establish past persecution based on the harm he suffered. While Lin offered testimony of his past imprisonment by Chinese police, including a ten-minute period where he was slapped, kicked, and beaten with a baton, this incident was limited in that no other violence occurred during his confinement and he did not require medical attention. Lin also testified that he retained his employment and faced no other instances of violence while in China. Moreover, Lin was able to leave the country unhindered. His mother remains in China without issue. While the harm Lin suffered is unfortunate, a reasonable adjudicator, considering the evidence presented, is not *compelled* to find that Lin's past experience rises to the level of persecution. We are not permitted to substitute our view of the matter for that of the Board. *Antonio v. Garland*, 58 F.4th 1067, 1072–73 (9th Cir. 2023); *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021); *Prasad v. I.N.S.*, 47 F.3d 336, 338–40 (9th Cir. 1995).

2

Moreover, substantial evidence supports the Board's determination that Lin's fear of future persecution was not well-founded. A well-founded fear must be both subjectively and objectively reasonable. *DeValle v. I.N.S.*, 901 F.2d 787, 790 (9th Cir. 1990). "The subjective component requires a showing that the alien's fear is genuine. The objective component requires a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." *Id.* (quoting *Diaz-Escobar v. I.N.S.*, 782 F.2d 1488, 1492 (9th Cir. 1986)). Lin testified that he remained in China for approximately a year following this incident. He also testified that after he left the country the police did not search for him, and his mother safely remained behind without retaliation. The record does not compel a conclusion that Lin has a well-founded fear of future persecution as is necessary to establish an asylum claim. Therefore, we hold that substantial evidence supports the Board's determination denying Petitioner's asylum claim.

Lin's CAT claim fares no better. To qualify for protection under the CAT, a petitioner "must demonstrate that it is more likely than not that he would be tortured if removed" and that the torture would occur "by or at the instigation of or with the consent or acquiescence of a public official." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019) (citing 8 C.F.R. § 1208.18(a)(1)). Lin carries the burden of establishing a particularized risk of torture if he returns to China. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008) (per curiam). The evidence Lin submitted regarding his time

3

after detention fails to substantially prove a particularized risk.

Finally, having failed to establish an asylum claim, it follows that Lin also failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006) (noting that the "clear probability" standard for withholding of removal is more stringent than that for asylum). The Board did not err in denying Lin's petition.

**PETITION DENIED**.